Turley, J.
’ delivered the opinion of the court.
We think that there is no error in this case. We readily concede that money in the hands of a stakeholder, which has been bet upon an election, may be stopped in his hands by the looser' before it is paid over to the winner; but that is not this case, as it appears from the proof. The money had been paid ove,r by the stakeholder before he was requested not to pay it. The good faith of the stakeholder has been called in question. The proof shows that the wager was upon the last presidential election; and that the stakes were paid over to the winner on the fifteenth day of November, after the election. This it was insisted, Was too soon, and before the result of the election was known. The wager was partly upon the general result of the election in the United States and , partly upon the result in the State of Tennessee. The plaintiff lost on both; and whether the stakeholder paid the amount over in good faith and after he knew the result, -is a question of fact which was submitted to the jury and found in favor of the stakeholder. We are satisfied that the proof sustains the verdict; but' it is argued that the judge erred in his charge to the jury upon this subject.
*135 He said: “If the stakeholder was directed to pay over the money lost to the winner, and no time specified when the payment should be made, if the payment was made after the election to the winner in good faith, such payment would exempt the stakeholder from liability, provided he had not been previously notified not to pay over the stakes.” This charge is,.. in our opinion, strictly correct, for the stakeholder could not have paid over the stakes in good faith if he had paid them before he knew of the results of the elections upon which the wager depended.
Let the judgment of the circuit court be affirmed.